| | | | |
|---|---|---|---|
| Case No. | **CV 19-169-VAP (KK)** | Date: | November 12, 2019 |
| Title | *Tracye Benard Washington v. California Department of Corrections and Rehabilitations, et al.* | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    (In Chambers) Order Denying Defendants' Motion to Sever Without Prejudice [Dkt. 44]

## I.
## INTRODUCTION

Plaintiff Tracye Benard Washington ("Washington"), proceeding pro se and in forma pauperis, has filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his Eighth Amendment rights. Dkt. 12. Defendants Hanks, Romo-Munoz, Lizama, Pressnell, Hernandez, Rosales, and Wingfield ("Defendants") have filed a Motion to Sever pursuant to Federal Rule of Civil Procedure 21 ("Rule 21") seeking to sever the claims against Defendants arising out of an incident on July 25, 2018 from the claims arising out of an incident on November 14, 2018. Dkt. 44. For the reasons set for the below, Defendants' Motion to Sever is DENIED without prejudice.

## II.
## BACKGROUND

On March 20, 2019, Washington constructively filed[1] the instant FAC alleging Defendants used excessive force against him on two occasions, July 25, 2018 and November 14, 2018, while he

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. (continued . . .)

was housed in the Administrative Segregation Unit ("ASU") at California State Prison – Los Angeles County ("CSP-LAC").[2] Dkt. 12 at 5.

As alleged in the FAC, on July 25, 2018, Washington was pushed into his cell as the cell door was closing, causing the door to close on his left leg. Dkt. 12 at 5. When the door reopened, Washington, who was in restraints at the time, stood in the doorway regaining his balance. Id. Defendants Hanks and Romo-Munoz then pulled Washington out of the cell, defendant Lizama struck Washington on the left side of the face, defendants Hanks and Romo-Munoz slammed Washington head first to the "concrete pavement", and defendants Pressnell, Hernandez, Wingfield, and Lizama began kicking Washington in his back and legs. Id. As a result of the July 25, 2018 incident, Washington was sent to an outside hospital and diagnosed with Acute Flaccid Paralysis. Id. Washington was "discharged two days later confined to a wheelchair partially parlaysed [sic]." Id.

Washington also alleges on November 14, 2018, defendant Pressnell came to Washington's cell to take him to see his case counselor. Dkt. 12 at 5. Defendant Pressnell opened the food port and Washington placed his hands through the food port to be handcuffed. Id. Defendant Pressnell placed the handcuffs on Washington's hands while still holding onto the chains attached to the handcuffs. Id. Defendant Pressnell told Washington to stand up, but Washington told him he was wheelchair bound and unable to stand. Id. Defendant Pressnell called defendant Sergeant Rosales to the cell. Id. Defendant Rosales approached and was followed by defendants Hernandez, Lizama, and Wingfield. Id. Defendants Pressnell, Rosales, Hernandez, Lizama, and Wingfield "grabbed a portion of the two chains attached to the handcuffs secured around [Washington's] wrist[s] and pulled [him] out of the wheelchair into the celldoor." Id.

Washington further alleges at the time of both incidents, he was "in a mental health [ASU]" and "classified as mentally ill" and "mobility impaired." Dkt. 12 at 6. He alleges the Defendants involved in both incidents were aware of the rules governing the housing and escorting of mentally ill and mobility impaired prisoners, but Defendants violated their own policies and failed to take into consideration Washington's impairments during either incident. Id.

On November 7, 2019, Defendants filed the instant Motion to Sever seeking to sever the cause of action against defendants Hanks, Romo-Munoz, Lizama, Pressnell, Hernandez, and Wingfield arising out of the incident on July 25, 2018 from the cause of action against defendants Pressnell, Rosales, Hernandez, Lizama, and Wingfield arising out of the incident on November 14, 2018. Dkt. 44.

///
///
///
///

### III.

---

Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] On June 14, 2019, the Court dismissed the claims against defendants Hanks and Romo-Munoz in their official capacity with prejudice and without leave to amend. Dkt. 19. On June 17, 2019, the Court ordered service of process on Defendants in their individual capacity. Dkts. 20, 21.

## DISCUSSION

### A. APPLICABLE LAW

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Fed. R. Civ. P. 18(a). Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Accordingly, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Gonzalez v. Maldonado, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013).

Federal Rule of Civil Procedure 21 ("Rule 21") allows district courts broad discretion regarding whether to "sever any claim against a party."[3] Fed R. Civ. P. 21; see Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); see also Vazquez v. Cty. of San Bernardino, No. EDCV 14-01753-JGB (MRWx), 2018 WL 6075347, at *3 (C.D. Cal. Jan. 29, 2018) (denying defendants' motion to sever excessive force claims); Grigsby v. Kane, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003) ("[T]he court has virtually unfettered discretion in determining whether or not severance is appropriate."). Courts consider the following factors when determining whether to grant a severance: "whether (1) the claims arise out of the same transaction or occurrence; (2) the claims present some common questions of law or fact; (3) settlement of the claims or judicial economy would be facilitated; (4) prejudice would be avoided if severance were granted; and (5) different witnesses and documentary proof are required for the separate claims." Vazquez, 2018 WL 6075347, at *3 (quoting Broadcom Corp. v. Sony Corp., No. SACV 16-1052-JVS (JCGx), 2016 WL 9108039, at *2 (C.D. Cal. Dec. 20, 2016) (citations omitted)).

### B. ANALYSIS

Here, the factors weigh against severing the action at this time. First, both incidents arise out of the same series of transactions in that Defendants allegedly violated their own policies regarding escorting mentally and physically impaired prisoners and failed to take into consideration Washington's impairments during both incidents. Moreover, both incidents involve the majority of the same defendants, i.e., Lizama, Pressnell, Hernandez, and Wingfield. In addition, both incidents involve the alleged use of excessive force while escorting Washington in the ASU. Second, the claims present many common questions of law and fact. For example, both claims allege violations of Washington's Eighth Amendment right to be free from excessive force, involve many of the same defendants, occurred in the same location, i.e., ASU at CSP-LAC, and will likely involve determining the extent and impact of Washington's mental and physical impairments. Third, judicial

---

[3] The Court notes it has authority to rule on the instant Motion to Sever pursuant to 28 U.S.C. § 636. See Behroozi v. New Albertson's, Inc., No. 2:11-CV-00579-JCM, 2014 WL 5469033, at *1 (D. Nev. Oct. 24, 2014) (noting motions to sever are "non-dispositive matters properly determined by a magistrate judge").

(continued . . .)

economy is best served by permitting the joinder of these claims. This is not the sort of multiple claim, multiple defendant suit where severance would be required to avoid confusion. Fourth, Defendants have not identified any prejudice they would suffer if the action is not severed at this time. Fifth, the majority of the witnesses and documentary evidence will likely be the same for both claims. Finally, because the Court finds the claims are properly joined, denying severance does not circumvent the Prison Litigation Reform Act.[4] Accordingly, the Court finds severance is not warranted.

## IV.
## ORDER

For the reasons set forth above, Defendants' Motion to Sever is DENIED without prejudice.

---

[4] Defendants also argue permitting joinder "could allow [Washington] to circumvent the Prison Litigation Reform Act" because if Washington's claims are ultimately dismissed for failure to state a claim, he would incur only one "strike." Dkt. 44 at 8. The Court notes it has already screened the FAC pursuant to 29 U.S.C. § 1915A. While the Court would duly consider any properly filed response to the FAC, the Court notes it is unlikely Washington's claims would be dismissed for failure to state a claim.